# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL L. MASTERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-834 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The parties' Motions *in limine* will be resolved as follows.

**A.** **Plaintiff's Motion in Limine (Doc. 192)**

1. "Non-Admissible Hospital Records"

Plaintiff's statements to medical providers regarding the cause of his accident/injuries are not hearsay. S*ee* Fed. R. Evid. 801(d)(2)(A). Additionally, statements made by Plaintiff in connection with his medical diagnosis or treatment, as defined under Fed. R. Evid. 803(4), will not be excluded on hearsay grounds. Finally, hospital records kept in the course of regularly conducted activity fall under the hearsay exception in Fed. R. Evid. 803(6). *See* Hayduk v. City of Johnstown, 2009 WL 3335351, *2 (W.D. Pa. Jun. 4, 2009) (holding same). Thus, Plaintiff's Motion is DENIED.

2. "Railroads Empowerment Rule/Improper Assumption of Risk"

Defendants will not argue that Plaintiff was "empowered" not to perform unsafe tasks. *See* Norfolk's Br. (Doc. 209) at 3; Arnold's Br. (Doc. 211) at 3. Rather, Defendants intend to introduce evidence that Plaintiff violated Norfolk's safety rules. *See id.* Plaintiff's Motion does not address this issue, and therefore, it is DENIED.

To the extent that Plaintiff argues Defendants' expert should not be permitted to reference the safety rules in question, *see* Doc. 193-1 at 8-12, this issue is moot because neither side will be permitted to offer expert testimony regarding liability. *See* discussion *infra*. Otherwise, the Court finds Norfolk's safety rules sufficiently specific to warrant their admission. *Compare* Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1280 (3d Cir. 1995) (under FELA, "[e]xamples of evidence of [comparative] negligence include failing to follow specific safety instructions reasonably calculated to protect the employee from the injury that occurred") *with* Doc. 209 at 4 (quoting Norfolk safety rules instructing employees that, "[w]hen walking," employees must "[r]emain aware of surroundings," "[b]e alert for slipping and tripping hazards" and "[u]se extra caution while walking on ballast and ballast shoulders").[1]

3. "Letters from Railroad's Vocational Rehabilitation Department"

Plaintiff has failed to provide sufficient legal bas(es) for excluding Norfolk's letters to him regarding its vocational rehabilitation program. In this regard, Plaintiff's Motion is DENIED.

---

[1] Norfolk's safety rules aside, Defendants undoubtedly may argue that Plaintiff was comparatively negligent in failing to exercise reasonable caution. *See* Sloas v. CSX Transp. Inc., 616 F.3d 380, 393 (4th Cir. 2010) (although assumption of risk defense is unavailable under FELA, defendant may argue that plaintiff's "careless act or omission" contributed to injury). As a practical matter, the Court's admission of Norfolk's safety rules does little to change the complexion of this case.

4. "Characterization of Dr. Cohen's and/or Dr. Kaufmann's Examination[s] in this Case as 'Independent'"

These physicians appear to have conducted examinations of Plaintiff pursuant to Fed. R. Civ. P. 35(b). Although the parties' disagreements appear to be much ado about little, Plaintiff's objection is SUSTAINED. *See* Behler v. Hanlon, 199 F.R.D. 553, 54-55 (D. Md. 2001) (acknowledging that, within context of Rule 35, reference to "independent medical examinations" is "euphemistic") (emphasis added); Fair v. Allen, 2011 WL 830291, *3 (W.D. La. Mar. 3, 2011) (directing that physician be referred to as "a retained medical expert").

5. "Surveillance of Mr. Masters"

Neither Defendant intends to introduce surveillance evidence at trial. Although Defendant Arnold seeks to reserve its right to "still obtain[] surveillance" of Plaintiff, any ruling at this juncture would constitute an advisory opinion.

6. "Exclusion of Witnesses Until Called to Testify"

Under Fed. R. Evid. 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." *Id.* Although there are exceptions, the party opposing sequestration bears the burden of demonstrating their applicability. *See* Brown v. Kia Motors Corp., 2010 WL 135121, *1 (W.D. Pa. Jan. 9, 2010) (citations omitted).

Norfolk does not oppose witness sequestration, so long as it applies to Plaintiff's witnesses as well. *See* Doc. 209 at 9. Although Arnold opposes the sequestration of its "agents, representatives or employees," Arnold's arguments are too general to meet its burden of establishing an exception under Rule 615. Thus, Plaintiff's request for witness sequestration will be honored, and all witnesses sequestered.

3

**B.     The Parties' Cross-Motions to Exclude Each Others' Experts on Liability (Docs. 193, 194 & 202)**

Having carefully reviewed the reports of Raymond Duffany, for Plaintiff, and Roy L. Dean, for Defendants, the Court will exclude testimony from these experts under Federal Rule of Evidence 702.  The Court finds that, to a large extent, the parties attempt to filter fact evidence and testimony through their experts merely to lend credence to the same.  *See* Reedy v. CSX Transp., Inc., 2007 WL 1469047, *3 (W.D. Pa. May 18, 2007) (noting impropriety of this approach, and collecting cases holding same).  Along the same lines, the parties have failed to convince the Court that their experts' opinions go beyond matters within the jury's independent comprehension.  *Id.* (under requirement that expert testimony be "helpful," experts cannot be used "merely to repeat or summarize what the jury independently has the ability to understand") (citation omitted); *accord* Oddi v. Ford Motor Co., 234 F.3d 136, 159 (3d Cir. 2000) ("[e]xpert evidence is not necessary . . . if all the primary facts can be accurately and intelligibly described to the jury, and if they, as [persons] of common understanding, are . . . capable of comprehending the primary facts and of drawing correct conclusions") (citation to quoted source omitted, some alterations in original).

Finally, to the extent that the experts' opinions are based on site inspections made seventeen months (Plaintiff's expert) and twenty-nine months (Defendants' expert) after the accident, neither side has met its burden of showing that the site has remained substantially unchanged.  Reedy at *1 (in order for expert to rely on post-accident inspection or testing, party offering testimony must show that conditions are "substantial[ly] similar[]" to those present at time of incident) (citing cases).

For all of these reasons, the parties' Cross-Motions are granted, and Messrs. Duffany and Dean will not be permitted to testify at trial.

C.  **Motions to Exclude Testimony Regarding the Existence of Non-Mineral Debris (Docs. 196 & 202)**

Defendants' Motions to preclude the introduction of evidence regarding the existence of non-mineral debris at the accident site (*e.g.*, trash, beer cans, broken wood pallets, *et cetera*) are DENIED AS MOOT. Plaintiff will not offer such evidence. *See* Doc. 206 at 3. To be clear, Plaintiff is not precluded from introducing evidence regarding the existence of mineral-based debris (*e.g.*, "mortar/cement, rocks or other stony objects"). *See id.*

D.  **Motion to Exclude Photographs of Accident Site Taken in July 2009, and Fact Witness Testimony Regarding Same (Doc. 198)**

Photographs, even taken some time after the event at issue, may be admissible if properly authenticated. Fisher v. ARC Housing LLC, 2005 WL 5956614, *1 (S.D. Fla. Dec. 22, 2005) (citations omitted).[2] The primary legal issue is whether or not the pictures accurately reflect the scene as it appeared at the time of the accident. *Id.*

Norfolk employee Richard J. Groff, who was with Plaintiff at the time of the accident, has signed an affidavit stating that the photographs in question present "a fair and accurate representation of the conditions" present on the date of the incident. *See* Doc. 198-4 at ¶¶ 17, 19. This evidence is sufficient to warrant admissibility, and any claimed inaccuracies or unreliability reflected in the photographs can be exposed through cross-examination. Fisher at *1-2 (holding same under similar circumstances).[3]

---

[2] Defendants do not dispute that the photographs in question were taken by Plaintiff's expert, Mr. Duffany, on July 23, 2009. *See* Doc. 199 at 2. The Court does not believe that the authenticity of the photographs is in question. Absent a stipulation to this effect, Mr. Duffany may be permitted to testify for the limited purpose of authentication. Expert testimony regarding the photographs, however, will be excluded under the "helpfulness" standard identified above.

[3] The Court denies Defendant's request to strike Mr. Groff's affidavit. *See* Doc. 199 at 5-6. Defense counsel's assertions regarding the possible post-signature "filling in" of exhibit numbers in Mr. Groff's affidavit constitute speculation. In addition, striking Mr. Groff's affidavit would

E.  **Motion to Preclude Evidence and/or Arguments Regarding Purported Violations of PUC and OSHA Regulations (Doc. 200)**

Plaintiff's expert report contains references to Defendants' alleged violation of PUC and OSHA regulations regarding the keeping of "clean" and "reasonably suitable" conditions in railroad walkways and other worksite passageways. Assuming, without deciding, that these regulations are relevant and not subject to preemption, the Court will exclude evidence regarding them under Federal Rule of Evidence 403.

Although the injuries sustained by Plaintiff, and Defendants' potential liability for damages, may be great, this case otherwise presents a relatively straightforward "slip and fall" case under the FELA and the common law. Should the jury conclude that either or both Defendants are liable under the relevant legal standards, their purported violation of general regulatory standards would merely be the flip side of the same coin. *Cf., e.g.*, Expert Rpt. of R. Duffany (filed under Doc. 194-2) at 16 (opining that, had Defendants complied with regulatory provisions in question, Plaintiff would not have sustained injuries). Under the circumstances, evidence regarding purported regulatory violations would be cumulative, potentially prejudicial and would only serve to confuse the issues presented at trial. *See* Fed. R. Evid. 403.

F.  **Defendant's Motion to Limit Plaintiff's Testimony Regarding Nature of the Object He Allegedly Tripped On (Doc. 202)**

For essentially the same reasons stated in pages 7-9 of Plaintiff's Opposition Br. (Doc. 204), Defendant's Motion is DENIED.

---

run afoul of the "law of the case" doctrine, and Defendant has failed to identify extraordinary circumstances warranting a deviation from that doctrine. *See* R&R of M.J. Smyser (Doc. 87) (recommending denial of request to strike Mr. Groff's affidavit, and relying on affidavit in recommending denial of Defendants' Motion for Summary Judgment), *adopted by Dist. Ct.* in Order dated Dec. 1, 2010 (Doc. 125).

## G.     Conclusion

Consistent with the analyses above, Plaintiff's Motion in Limine (**Doc. 192**) is **GRANTED IN PART** and **DENIED IN PART**; the parties' Motions to Exclude Expert Testimony (**Docs. 193, 194 & 202**) are **GRANTED**; Defendants' Motions to Exclude Testimony Regarding the Existence of Non-Mineral Debris (**Docs. 196 & 202**) are **DENIED AS MOOT**; Defendant's Motion to Exclude Photographs Taken in July 2009 (**Doc. 198**) is **DENIED**; Defendant's Motion to Preclude Evidence Regarding Purported Violations of PUC and OSHA Regulations (**Doc. 200**) is **GRANTED**; and Defendant's Motion to Preclude Plaintiff's Testimony Regarding the Nature of the Object He Tripped On (**Doc. 202**) is **DENIED**.


February 6, 2012                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record